**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 22 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-32720 |
| | ) | |
| Zylstra Dairy Ltd., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING FIRST AND FINAL FEE APPLICATION
### OF BARRON BUSINESS CONSULTING, INC.

This case is before the court on the First and Final Fee Application of Barron Business Consulting, Inc., Financial Advisor for the Debtor, for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 1, 2016 through October 31, 2016 ("Fee Application"), [Doc. # 157], and AgChoice Farm Credit, ACA's response, [Doc. # 169].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11, as well as jurisdiction over all proceedings arising under Title 11 or arising in or related to this case pursuant to 28 U.S.C. § 1334(b). This Chapter 7 case and all proceedings arising under Title 11 or arising in or related to this case have been referred to this court by the district court under a general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. A professional's fee application is a proceeding arising in and related to the bankruptcy case, *see In re Sweports, Ltd.*, 777 F.3d 364, 367 (7th Cir. 2015), *cert. denied* – U.S. –, 135 S.Ct. 2811 (2015), over which the district court has jurisdiction and that has been referred to this court. In this

instance, the Fee Application is a core proceeding as a matter affecting the debtor-creditor relationship (between Debtor and its financial advisor) that this court may hear and determine. 28 U.S.C. § 157(b)(1), (b)(2)(O). Although this case was dismissed on November 14, 2016, the court retains jurisdiction to review professional fees. *See Dery v. Cumberland Casualty & Surety Co. (In re 5900 Assocs., LLC)*, 468 F.3d 326, 330 (6th Cir. 2006); *In re Sweports, Ltd.*, 777 F.3d at 367; *In re Petrovic*, –B.R.–, No. 16 B 18969, 2016 Bankr. LEXIS 4008, *5-*6, 2016 WL 6775913, *2 (Bankr. N.D. Ill., Nov. 16, 2016). As the Sixth Circuit Court of Appeals explains in *Dery*, "[t]he Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case and . . .[d]ismissal of a case . . . cannot abrogate the court's statutorily imposed duty." *Dery*, 468 F.3d at 330 (considering a court's jurisdiction to review and approve fees under § 330).

This case was filed under Chapter 11 and converted on November 2, 2016, to Chapter 7 prior to its dismissal. On September 18, 2016, Debtor filed an application for an order authorizing the retention of Barron Business Consulting, Inc. and Bernadette Barron (together, "Barron") as financial advisor to Debtor pursuant to 11 U.S.C. §§ 327(a) and 328(a) ("Application to Employ"). [Doc. # 55]. The Application to Employ states that Barron shall charge a flat rate fee of $3,000 per month, plus reimbursement of actual and necessary expenses, noting that the standard hourly rate of Barron's principal is $375 per hour. [*Id.* at 4]. The court on October 7, 2016, entered an order "[i]n accordance with § 327(a) and 328" authorizing Debtor, as Debtor-in-Possession in the Chapter 11 case, to employ Barron *nunc pro tunc* as of August 29, 2016, to perform the services set forth in the Application to Employ. [Doc. # 77]; 11 U.S.C. §§ 327(a); 1107(a).

In the Fee Application, Barron seeks an order allowing its fees in the total amount of $6,000.00 and payment of such fees from funds held by the Chapter 7 Trustee that constitute the cash collateral of AgChoice. The fees requested are for services rendered to the Debtor-in-Possession only during the Chapter 11 case in the two months from September 1 and through October 31, 2016. The application does not seek reimbursement of any expenses. In its response, AgChoice objects only to Barron's request for payment from funds held by the Trustee. The court held a hearing on the Application, at which AgChoice and Debtor's Attorney, who also appeared on behalf of Barron, appeared in person, and the Trustee and Attorney for the United States Trustee appeared by telephone. At the hearing, the United States Trustee's office orally raised a procedural concern with the requested flat rate fee amount because the Application otherwise lacks an itemized statement of time spent and service descriptions against which the flat rate fee recovery can be compared for purposes of determining reasonableness of the requested compensation.

Under § 328(a), the trustee, or in a Chapter 11 case, a debtor-in-possession, *see* 11 U.S.C. § 1107(a),

2

"with the court's approval, may employ. .. a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis," 11 U.S.C. § 328(a). Even where the court pre-approves a professional's compensation pursuant to § 328, "the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *Id.*

While § 328 applies when the bankruptcy court pre-approves a particular rate or means of payment, § 330 applies when the court does not do so. *Nischwitz v. Miskovic (In re Airspect Air, Inc.*, 385 F.3d 915, 920 (6th Cir. 2004). Where the court has not previously approved compensation under § 328, "[it] awards a professional employed under § 327 'reasonable compensation for actual, necessary services rendered by [the professional]. . ., based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title. . . .'" *Id.* (quoting 11 U.S.C. § 330(a)). However, "[o]nce the bankruptcy court has approved a rate or means of payment, . . . the court cannot on the submission of the final fee application instead approve a 'reasonable' fee under § 330(a), unless the bankruptcy court finds that the original arrangement was improvident due to unanticipated circumstances as required by § 328(a)." *Id.; Peele v. Cunningham (In re Texas Sec., Inc.)*, 218 F.3d 443, 446 (5th Cir. 2000) (holding that bankruptcy court could not consider the lodestar formula of § 330(a) in determining the professional's compensation where his contingent fee arrangement had been pre-approved under § 328 and no finding was made that such arrangement was improvident due to unanticipated circumstances).

Whether the court has "pre-approved" a fee arrangement under § 328 is determined "by the totality of the circumstances, looking at both the application and the bankruptcy court's order." *Nischwitz*, 385 F.3d at 922. Factors a court may consider in making that determination include "whether the debtor's motion for appointment specifically requested pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order or the motion expressly invoked § 328." *Id.*

In this case, Debtor's Application to Employ, which sets forth Barron's flat rate fee, specifically states that it is brought pursuant to § 328(a). The court thus construes the application as having specifically requested pre-approval of the flat rate fee arrangement. Nobody objected to the Application to Employ. The court's order in turn approved the Application to Employ "in accordance with 11 U.S.C. §§ 327(a) and 328." [Doc. # 77, p. 2]. *In re Fashion Shop of Kentrucky, Inc.*, 350 Fed. App'x 24, 27 (6th Cir. Oct. 22,

3

2009)(distinguishing *Nischwitz* and addressing significance of express invocation of § 328 in both application to employ and order authorizing employment in determining whether totality of circumstances indicated that fee arrangement pre-approved). The court's order does not, however, make an express assessment of reasonableness of the flat rate fee. Nevertheless, and although it is a close call, the court finds that the totality of the circumstances show that it pre-approved Barron's flat rate fee compensation agreement. As a result, the additional information requested by the Unites States Trustee at the hearing, which is directed at a reasonableness analysis under § 330, is unnecessary.

Although Barron was still required to file a final fee application, including to seek reimbursement of any actual expenses incurred, the court having approved the terms of Barron's employment as set forth in the Application to Employ, the right to review that application is limited to review under § 328(a) of whether the original fee arrangement was improvident due to circumstances not capable of being anticipated at the time the flat rate fee was approved. Neither AgChoice, the UST, nor any other party-in-interest have argued that such circumstances exist. Based upon the court's knowledge of this case, including the constant monitoring and addressing of thorny cash collateral and budget issues and disputes in which Barron was involved as shown by its general list of activities in which it participated and which the court credits, the court concludes that the pre-approved flat rate fee arrangement was not improvident.

An award of compensation is one thing, while payment is quite another. *In re Sweports*, *Ltd.*, 777 F.3d at 366-67. Following the hearing, by separate motion, Debtor's Attorney requested amendment of the court's dismissal order to provide for payment of Barron's fees as requested in the Application, as well as payment to other administrative expense claimants. By separate order, the court has denied the request for payment from funds held by the Trustee, [Doc. # 193], and the Application will be denied to the extent it seeks such a payment.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Application be, and hereby is, **GRANTED in part** as to allowance of the requested fees and is **DENIED in part**; and

**IT IS FURTHER ORDERED** that the Fee Application [Doc. # 157] is **GRANTED** to the extent that Barron Business Consulting, Inc. is awarded professional fees in the amount of $6,000.00 pursuant to 11 U.S.C § 328(a);

**IT IS FINALLY ORDERED** that the Fee Application is **DENIED** to the extent that the court will not order payment of the compensation awarded to Barron Business Consulting under 11 U.S.C. § 328(a).

###