

Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 22 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-32720 |
| | ) | |
| Zylstra Dairy Ltd., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING FIRST AND FINAL FEE APPLICATION OF DAHL LAW LLC

This case is before the court on the First and Final Application of Dahl Law LLC, Counsel for the Debtor, For Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 15, 2016 through November 14, 2016 ("Application"), [Doc. # 153], and AgChoice Farm Credit, ACA's response, [Doc. # 168].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11, as well as jurisdiction over all proceedings arising under Title 11 or arising in or related to this case pursuant to 28 U.S.C. § 1334(b). This Chapter 7 case and all proceedings arising under Title 11 or arising in or related to this case have been referred to this court by the district court under a general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. An attorney fee application is a proceeding arising in and related to the bankruptcy case, *In re Sweports, Ltd.,* 777 F.3d 364, 367 (7th Cir. 2015), *cert. denied* --U.S.--. 135 S. Ct.

2811 (2015), over which the district court has jurisdiction and that has been referred to this court. In this instance, the Application is a core proceeding as a matter affecting the debtor-creditor relationship (between Debtor and counsel) that this court may hear and determine. 28 U.S.C. § 157(b)(1), (b)(2)(O). Although this case was dismissed on November 14, 2016, the court retains jurisdiction to review, approve and examine attorney fees. *See Dery v. Cumberland Casualty & Surety Co. (In re 5900 Assocs., LLC)*, 468 F.3d 326, 330 (6th Cir. 2006); *In re Sweports, Ltd.*, 777 F.3d at 367; *In re Petrovic,* –B.R.–, Case No. 16 B 18969, 2016 Bankr. LEXIS 4008, *5-*6, 2016 WL 6775913, (Bankr. N.D. Ill., Nov. 16, 2016). As the Sixth Circuit Court of Appeals explains in *In re 5900 Assocs., LLC*:

> The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case, and 11 U.S.C. § 330 is the sole mechanism by which fees may be enforced. Dismissal of a case, or a private agreement between the debtor and its attorney, cannot abrogate the bankruptcy court's statutorily imposed duty of review.

468 F.3d at 330.

This case was filed under Chapter 11, [Doc. # 1], and converted on November 2, 2016, to Chapter 7, [Doc. # 107], prior to its dismissal. The court on October 7, 2016, approved retention of Dahl Law, LLC and Sherri Dahl ("Counsel") as counsel for the Debtor as Debtor-in-Possession in the Chapter 11 case, *nunc pro tunc* as of September 16, 2016. [Doc. # 76]; 11 U.S.C. §§ 327(a); 1107(a).

In the Application, Counsel seeks an order awarding attorney fees in the total amount of $21,875.00 and expenses in the amount of $989.74 and payment of the requested amounts from funds held by the Chapter 7 Trustee that constitute the cash collateral of AgChoice. The fees requested include services rendered by Counsel both before and after the case was converted to Chapter 7, which amounts must be addressed separately. In its response, AgChoice objects only to Counsel's request for payment from funds held by the Trustee. The court held a hearing on the Application, at which Counsel and an Attorney for AgChoice appeared in person and the Trustee and Attorney for the United States Trustee appeared by telephone.

**Pre-Conversion Fees and Expenses**

Neither AgChoice nor any other party in interest have objected to the amount of the requested pre-conversion fees and expenses. Under § 330, the court may award to "a professional person employed under section 327 . . reasonable compensation for actual, necessary services rendered" and "reimbursement for

2

16-32720-maw    Doc 201    FILED 12/22/16    ENTERED 12/22/16 15:33:31    Page 2 of 4

actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 327 addresses employment of professional persons by a trustee or, in a Chapter 11 case, a debtor-in-possession. *See* 11 U.S.C. §§ 327(a); 1107(a). Counsel was employed under § 327. Based upon the Application and its attached exhibits, the court finds that the requested expenses in the amount of $989.74 and $19,450.00 of the requested fees constitute reasonable compensation for actual and necessary services rendered and expenses incurred by Counsel while employed by the Debtor-in-Possession before the case was converted to Chapter 7 on November 2, 2016.

An award of compensation is one thing, though, while payment is quite another. *In re Sweports, Ltd.*, 777 F.3d at 366-67. Following the hearing, by separate motion, Counsel sought amendment of the court's dismissal order to provide for payment of its fees and expenses as requested in the Application, as well as payment to other administrative expense claimants. By separate order, the court has denied Counsel's request for payment from funds held by the Trustee, [Doc. # 193], and the Application will be denied to the extent it seeks such a payment.

**Post-Conversion Fees**

The Application includes post-conversion fees in the amount of $2,425.00. No party in interest has raised any issue about the amount of these fees, either. But Counsel was employed by Debtor and not by the Trustee when these fees were incurred. Conversion from Chapter 11 to Chapter 7 and the appointment of a Chapter 7 trustee terminated Debtor's status as a debtor-in-possession and thus Counsel's services as attorney for the Debtor-in-Possession. *Lamie. v. U.S. Trustee*, 540 U.S. 526, 532 (2004). And Section 330 does not apply to attorney fees in a Chapter 7 case unless the attorney is employed by a trustee under § 327. *Lamie,* 540 U.S. at 538-39. Counsel was not so employed.

The court has authority to review the post-conversion fees and, among other potential relief, cancel the fee agreement if the fees exceed the reasonable value of the services rendered. 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017(b). No party in interest has asked for such relief, however, and while Rule 2017(b) contemplates that the court may act on its own initiative to determine whether fees subject to § 329 are excessive and grant appropriate relief, the court declines to do so.

Moreover, affirmative court approval of the post-conversion attorney fees is unnecessary in order for Counsel to pursue their collection through any avenue available. *See In re TAJ Graphics Enters., LLC*, 549 B.R. 825, 828-29 (Bankr. E.D. Mich. 2016)(fees incurred by debtor's counsel after Chapter 11 trustee appointed). In that respect, *In re 5900 Assocs.* is distinguishable. In this court's view, despite its broad

3

language that "§ 330 is the sole mechanism by which fees may be enforced," *In re 5900 Assocs.* does not require affirmative approval of attorney fees as a predicate to collection through state process or otherwise unless the fees are governed by § 330 in the first place.[1] *Cf. In re Sweports, Ltd.*, 777 F.3d at 366 ("Until and unless he received [under § 330] a fee award from the bankruptcy judge, the amount of fees and expenses that he was seeking would not be a debt of Sweports, and so he would have no basis for pursuing a claim against the company in state court."). As to the post-conversion fees, the court will deny the Application as unnecessary.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Application be, and hereby is, **GRANTED in part** and **DENIED in part**; and

**IT IS FURTHER ORDERED** that the Application is **GRANTED** to the extent that Dahl Law, LLC and Sherri Dahl are awarded pre-conversion attorney fees in the amount of $19,450.00 and expenses in the amount of $989.74 as compensation pursuant to 11 U.S.C. § 330(a)(1); and

**IT IS FURTHER ORDERED** that the Application is **DENIED** to the extent that the court will not order payment of the compensation awarded to Dahl Law, LLC and Sherri Dahl under 11 U.S.C. § 3301(a)(1); and

**IT IS FINALLY ORDERED** that the Application is **DENIED** to the extent it seeks an award and payment of fees incurred by Dahl Law, LLC and Sherri Dahl post-conversion.
.

###

---

[1] The Application detailing Counsel's post-conversion fees effectively meets any independent disclosure obligations regarding such fees under both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. 11 U.S.C. 329(a); Fed. R. Bankr. P. 2016(b); *see In re Hirsch,* 550 B.R. 126, 135, n.8 (Bankr. W.D. Mich. 2016).